1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT DAVID HANSON,                    No. 2:17-CV-0167-JAM-CMK

12                    Plaintiff,

13          vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14   THOMAS A. FERRARA, et al.,

15                    Defendants.

16   _____/

17          Plaintiff, a former inmate proceeding pro se, brings this civil rights action

18   pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant Foor's unopposed motion to

19   dismiss (Doc. 8).[1]

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   _____

26          [1]     Defendant's motion was filed before the court conducted statutory screening or
     determined that service of the complaint was appropriate on any named defendant.

1

# I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Thomas A. Ferrara, the Solano County Sheriff; (2) Peter B. Foor, the presiding judge of the Solano County Superior Court; (3) Krishna Abrams, the Solano County District Attorney; and (4) Harry Price, the Mayor of Fairfield. Plaintiff alleges that, as a pre-trial detainee, "the Jail Security" interfered with his Sixth Amendment right to confidential communications with counsel. Specifically, plaintiff claims that the "4 defendants listed on this suit are the Heads of their field, they are responsible. . . ." Plaintiff adds: "These Heads have saw fit to over look the most basic rights that we have. . . ." Plaintiff seeks prospective injunctive relief.[2]

# II. DISCUSSION

## A.    Defendant Foor's Motion to Dismiss

Defendant argues that plaintiff's claim against him is barred by the Eleventh Amendment, that he is immune from suit, and that plaintiff lacks standing.

### 1.    Eleventh Amendment

The Eleventh Amendment bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc.

---

[2]    Defendant Foor states in his motion to dismiss that plaintiff is also seeking $100 million in damages. Defendant, however, does not cite any portion of the complaint for this proposition and, upon review of the entire complaint, the court does not find any request for money damages.

Servs., 436 U.S. 658, 690 n.54 (1978).

Because plaintiff is seeking prospective injunctive relief, the Eleventh Amendment does not bar suit against Judge Foor, who is sued in his official capacity.

2.    Judicial Immunity

Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

Because plaintiff seeks prospective injunctive relief and not damages, judicial immunity does not apply.

3.    Standing

Defendant Foor argues that plaintiff's lacks Article III standing because there is no causal connection between the injury complained of and Judge Foor's alleged conduct. The court agrees.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the

3

plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, plaintiff cannot establish a causal link between Judge Foor and allegedly inadequate jail conditions. Specifically, California state court judges are not responsible for county jail conditions. See California Rule of Court 10.603.

**B.   Screening**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is no longer a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

All of the defendants named in the complaint are named as supervisory personnel, who are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

In this case, plaintiff alleges that "the Jail Security" interfered with his right to confidential communications with counsel.  Plaintiff has not, however, set forth facts showing any kind of involvement by the named defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.     Defendant Foor's unopposed motion to dismiss (Doc. 8) be granted; and

2.     This action be dismissed in its entirety for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  September 13, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE